UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVERT CALDWELL,

    Plaintiff,

v.                                                 Case No:   6:14-cv-1701-Orl-41TBS

COMPASS ENTERTAINMENT GROUP
LLC, ROUNDER, INC., THOMAS A.
MCDONALD, GREGORY T.
MCDONALD, JEFFREY P. KRANZDORF
and ROUNDER ENTERPRISES INC,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Evert Caldwell's Motion to Compel Discovery.  (Doc. 123).  On August 17, 2014, when this case was pending in the United States District Court for the District of Nevada, Plaintiff served production requests, interrogatories, and requests for admission on each of the Defendants.  (Id., p. 1).  Five days later, Defendants moved to transfer venue and to stay the case pending resolution of the transfer motion.  (Docs. 73, 74).  On September 25, the Nevada court held argument on Defendants' motions and granted the motion to stay.  (Doc. 88).  On October 17, the Nevada court transferred the case to this Court.  (Doc. 89).  As of November 24, Plaintiff had not received responses to his discovery requests, so he filed his motion to compel.  (Doc. 123, ¶ 7).  The motion asks the Court to "require that Defendants accept that their failure to respond in a timely manner binds them to Rule 36 as regards deemed admissions, issue appropriate sanctions, or otherwise compel them to respond to all discovery requests."  (Id., p. 3).

On December 9, 2014, Defendants Compass Entertainment Group, Inc., Thomas A. McDonald, Gregory T. McDonald, and Jeffrey P. Kranzdorf filed their response in opposition to Plaintiff's motion.  (Doc. 132).  Defendants do not argue that Plaintiff's discovery requests are improper or that the time to respond to them had long expired by the time Plaintiff filed his motion, even taking into account the temporary stay.  Instead, they assert that "[a]s of the date of this response, Defendants have served upon Plaintiff responses to the various requests for production, requests for admission and interrogatories."  (Doc. 132, ¶ 2).  These Defendants argue that Plaintiff has suffered no prejudice from the delay and that the motion should therefore be denied, at least as to them.  (Id., ¶ 6).  In addition, counsel informed the Court that he has tried to obtain responses to Plaintiff's discovery requests from the remaining Defendant, Rounder, Inc., but that Rounder, Inc. has not responded to any communications from its attorneys since long before this case was transferred.  (Id., ¶ 7).  Defendant Rounder, Inc. has not responded to the motion to compel and the time to respond has expired.

A party must respond to document requests, interrogatories, and requests for admission within 30 days after being served with the same.  FED. R. CIV. P. 33(b)(2), 34(b)(2)(A), 26(a)(3).  Parties may object to discovery requests, however, objections not raised in a timely manner are waived, "unless the court, for good cause, excuses the failure."  FED. R. CIV. P. 33(b)(4) (interrogatories); see also Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988) (requests for production of documents).  When a party fails to respond to a request for admission within 30 days, the matter is deemed admitted, although the Court may, on motion, allow that party to withdraw the admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the

merits." FED. R. CIV. P. 36(a)(3), (b).   When a party fails to respond to interrogatories or document requests in a timely fashion, the requesting party may move for an order compelling a response.   FED. R. CIV. P. 37(a)(1), (a)(3)(B), (d)(1)(A)(ii).

Plaintiff served his discovery on August 17, which meant responses were due by September 16.   Shortly thereafter, Defendants moved for a stay until the Nevada court ruled on their transfer motion.   The Nevada court granted this request.   On October 17, the Nevada court transferred the case to this Court.   Assuming the 30-day deadline for responding to Plaintiff's discovery was tolled from August 22, when Plaintiff requested the stay, until October 17, when the stay was lifted, Defendants owed responses by November 17, at the very latest.   Plaintiff alleges, and Defendants have not denied, that Defendants failed to serve discovery responses before November 25, the date Plaintiff filed his motion to compel.   While the other Defendants have now provided responses to Plaintiff's document requests and interrogatories (Doc. 132, ¶ 2),[1] Defendant Rounder, Inc. has not.

To the extent Plaintiff's motion seeks production of documents and responses to interrogatories from Defendants other than Rounder, Inc., the motion is **DENIED** as **MOOT**.   In all other respects, the motion is **GRANTED**.   By virtue of Defendants' untimely responses, the Court finds that they have waived all objections to Plaintiff's interrogatories and requests for production, and they have admitted all of the matters set forth in Plaintiff's requests for admissions.

Defendant Rounder Inc. is **ORDERED** to provide full and complete responses to Plaintiff's interrogatories and production requests by December 29, 2014.

---

[1] Plaintiff's reply, which the Court struck as unauthorized, acknowledged receiving responses to the requests "less than one hour" before Defendants filed their response to the motion to compel.   (Doc. 136, ¶ 3).

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties