UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVERT CALDWELL,

    Plaintiff,

v.       Case No:   6:14-cv-1701-Orl-41TBS

COMPASS ENTERTAINMENT GROUP LLC, ROUNDER, INC., THOMAS A. MCDONALD, GREGORY T. MCDONALD, JEFFREY P. KRANZDORF and ROUNDER ENTERPRISES INC,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Evert Caldwell's Motion to Disqualify Defendants' Counsel. (Doc. 121). Plaintiff asks the Court to disqualify Mark R. Lippman, an attorney admitted to the bar of this Court, from representing Defendants in this action. For the reasons that follow, Plaintiff's motion is **DENIED**.

### Background

Plaintiff instituted this action in the United States District Court for the District of Nevada. His original complaint included 22 separate counts stretched over 466 paragraphs and 77 pages. (Doc. 1). On Defendants' motions, the Nevada court dismissed Plaintiff's complaint, and his amended complaint. (Docs. 15, 16, 40, 44, 59). On February 2, 2014, Plaintiff filed his second amended complaint, which includes claims for fraudulent inducement/concealment; breach of contract; unfair competition under § 43(a) of the Federal Lanham Act, 17 U.S.C. § 1125(a); civil conspiracy; breach of

fiduciary duty; breach of the covenant of good faith and fair dealing; negligence; unjust enrichment; and equitable accounting/disgorgement.   (Doc. 61).

Nearly two and a half years into the litigation, Defendants filed a motion to transfer venue from the District of Nevada to the Middle District of Florida.   (Doc. 74).   They explained that in the process of responding to Plaintiff's discovery requests, they discovered that a contract between Plaintiff and some of the Defendants contained a forum selection clause specifying state and federal courts in Orange County, Florida as the exclusive venue for all disputes arising under the contract.   (Id.).   The Nevada court granted the motion and transferred the case to this Court.   (Doc. 89).

Shortly after the case was transferred, Mark R. Lippman appeared as counsel for Defendants and they moved to substitute Mr. Lippman in place of their Nevada attorney, Armand Fried.   (Docs. 102, 107).   Plaintiff opposed the motion, arguing that there were grounds for Mr. Lippman's disqualification.   (Doc. 109).   The Court granted the motion, explaining that a motion to substitute counsel was not the appropriate place to litigate the issue of disqualification.   (Doc. 110).

On November 25, 2014 Plaintiff moved to disqualify Mr. Lippman.   (Doc. 121).   As grounds, Plaintiff alleges that Richard Jans, a former attorney who owns Research and Drafting Services LLC, has prepared several documents filed by Defendants' counsel in this case.   (Id., ¶¶ 3, 5, 6).   Plaintiff notes that in their initial disclosures, Defendants identified Richard Jans as a person who is likely to have discoverable information including knowledge of: Defendants' representations, misrepresentations, and omissions made in connection with the formation or execution of the agreements; contracts or agreements entered into related to productions that would have been covered by the agreement; the business operations and specific relevant conduct of Compass

- 2 -

Entertainment Group LLC, Rounder Inc., Rounder Enterprises, Inc., Compass Entertainment LLC, and Heritage Television Production, Inc.; the registration and use of trademarks related to the Rounder brand; and the creation registering, and distribution of shares in Rounder Inc. (Id., ¶ 9).  Plaintiff notes that Mr. Jans "is a long-time associate and a former employee of Defendant Greg McDonald who has been involved in the preparation of legal documents for the Defendants since at least the beginning of 2009." (Id., ¶ 10).  Plaintiff also alleges that Mr. Jans has a close relationship with Mr. Lippman, who employs his wife as a paralegal.  (Id., ¶¶ 4, 13).  Plaintiff argues that Defendants should have named Mr. Jans and his firm, Research and Drafting Services LLC as "interested parties" in their certificate of interested persons and corporate disclosure statement, and that having an interested party draft filings raises a conflict of interest. (Id., ¶¶ 14-15).  Finally, Plaintiff argues that "if Richard C. Jans or [Mr. Lippman's] firm are allowed to represent the Defendants in this matter the Plaintiff will be unjustly barred from properly examining a key witness based on the near certainty that he will claim either attorney-client or work product privilege to avoid providing such crucial testimony." (Id., ¶ 23).

## Discussion

Discussion of a motion by one party to disqualify an attorney for the other must begin with the principle, grounded in the Due Process Clause of the Fifth Amendment, that a party has the right to be represented by counsel of his choice.  Potashnick v. Port City Construction Co., 609 F.2d 1101, 1117-18 (5th Cir. 1980).[1]  As the Supreme Court explained in Powell v. Alabama, 287 U.S. 45 (1932), if a court "were arbitrarily to refuse to

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be the denial of a hearing, and, therefore, of due process in the constitutional sense." Id. at 69.

But the right to a lawyer of one's choice is not absolute. In re BellSouth Corp., 334 F.3d 941, 955 (2003). A party's choice may be overridden if "compelling reasons" exist for disqualifying the party's chosen attorney. Id. at 957 (citing McCuin v. Texas Power & Light Co., 714 F.2d 1255, 1263 (5th Cir. 1983)). One ground for disqualification recognized by the Eleventh Circuit occurs when counsel commits ethical violations which "threaten the orderly administration of justice." Id. at 959 (citing Schlumberger Technology, Inc. v. Wiley, 113 F.3d 1553 (11th Cir. 1997)). In such a case, the court may disqualify the attorney only upon finding that the conduct in question "violated a specific Rule of Professional Conduct of a nature rising to the level of disbarment." Id. at 958-59 (citing Schlumberger, 113 F.3d at 1561).

Plaintiff argues that disqualification is appropriate because Mr. Lippman's representation of Defendants raises a conflict of interest. (Doc. 121, ¶ 2). A conflict of interest may constitute grounds for disqualifying an attorney, particularly where the party seeking disqualification is a former client of the attorney. "A former client seeking to disqualify an attorney who appears on behalf of his adversary need only show that the matters embraced within the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented him." In re Yarn Processing Patent Validity Litigation, 530 F.2d 83, 89 (internal quotations omitted). This strict rule "rests upon the presumption that confidences potentially damaging to the client have been disclosed to the attorney during the former period of representation." Id.

Plaintiff was never represented by Mr. Lippman or Mr. Fried and he does not allege that they have obtained his confidential information. Cf. Kenn Air Corp. v. Gainesville-Alachua County Regional Airport Authority, 539 So. 2d 1219, 1222 (Fla. App. 1st Dist. 1992) (non-client could disqualify attorney who previously represented non-client's predecessor in interest in related matter). Instead, it appears Plaintiff believes Mr. Jans' involvement in Mr. Lippman and Mr. Fried's representation of Defendants raises a conflict between the interests of Mr. Lippman and Mr. Fried on the one hand, and Defendants on the other.

Because litigants ordinarily do not go out of their way to protect the interests of their opponents, courts generally take a skeptical view of such motions. Allowing a non-client to raise conflicts that do not implicate his own interests "would allow [the non-client] to use the conflict rules for his own purposes where a genuine conflict might not really exist." In re Yarn Processing, 530 F.3d at 90. See also Foley-Ciccantelli v. Bishop's Grove Condominium Ass'n, 797 N.W.2d 789, 806-07 (Wis. 2011) ("[A]s a general rule only a former or current client has standing to move to disqualify an attorney from representing someone else in a civil action."); Colyer v. Smith, 50 F. Supp. 2d 966, 973 (C.D. Cal. 1999) (finding that non-client lacked standing to disqualify opposing party's attorney based on conflict of interest with prior client who was not involved in the litigation); Appeal of Infotechnology, Inc., 582 A.2d 215, 221 (Del. 1990) (non-client must show, by clear and convincing evidence, that conflict will affect the fair and efficient administration of justice).

Plaintiff has not made a showing that would justify disqualification of his opponent's attorney. Plaintiff has not identified with specificity, any conflict between the interests of Mr. Lippman and Defendants. And, the Court cannot say that any potential

conflict of interest that might arise from Mr. Lippman's representation of Defendants "would interfere with the orderly administration of justice," or that Mr. Lippman's representation of Defendants constitutes a violation of the ethical conflict of interest rules that would warrant disbarment.

Plaintiff argues that disqualification is also appropriate because Mr. Jans is "a key witness," and his involvement in the representation of Defendants will work to deprive Plaintiff of the opportunity to examine him. (Doc. 121, ¶ 23). Plaintiff's concerns are misplaced. The fact that Mr. Jans may have received privileged communications during this litigation while acting as Mr. Fried's or Mr. Lippman's agent does not prevent Plaintiff from requiring Mr. Jans to testify about nonprivileged matters. Nor is it necessarily a violation of an ethical rule for a person who is likely to be a witness to participate in the representation of a client, so long as that person does not appear as counsel for the client at trial. Cf. Fla. Rule of Professional Conduct 4-3.7(b) ("A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by [conflict of interest rules].")

### Conclusion

Because Plaintiff has failed to show that Mr. Lippman's representation of Defendants will interfere with the orderly administration of justice, result in an impermissible conflict of interest, or preclude the discovery of nonprivileged information from Mr. Jans, the motion to disqualify Mr. Lippman is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties